```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NM and MC,

                        Plaintiffs,
                                                                05 CV 733 (CLB)
        - against -
                                                                *Memorandum and Order*
LAKELAND CENTRAL SCHOOL
DISTRICT, et al.,

                        Defendants.
---------------------------------------------------------x
```

Brieant, J.

Before the Court is a motion for class certification (Doc. No. 28). It was filed on August 15, 2005 and was fully submitted to the Court on September 23, 2005.

This is a civil rights case in which Plaintiffs seek to redress alleged deprivation of their right and that of others similarly situated to be free from discrimination under color of state law, in violation of the 14th Amendment of the U.S. Constitution. Plaintiffs are students who contend they have been the subject of ongoing verbal and physical abuse of fellow students because they are Jewish. They contend that the School District has been fully aware of this harassment and has done nothing.

Plaintiffs seek class certification under Rule 23 F.R. Civ. P., for a plaintiff class to be defined as follows: "All students of Jewish descent who attended any school within the Lakeland Central School District, in the period from February 11, 2004, until the present who have suffered religious discrimination and violence directed towards them, and who the Defendants' failed to provide the protection to Plaintiffs, that was required of them."

Rule 23 (a), "Prerequisites to a Class Action," provides in relevant part:
> One or more members of a class may sue or be sued as representative parties on behalf of all only if 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. *See* Rule 23(a) Fed.R.Civ.P.

The above subdivisions of section (a) must be satisfied in order for a class action to be declared. In addition to these requirements, in order to certify a class under 23(b)(2) Plaintiff must show that "the party opposing the class action has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *See* Rule 23(b)(2), Fed.R.Civ.P.

With respect to numerosity, Plaintiffs only provide a statistical estimate of the number of Jewish persons in the New York metropolitan area and conclude that there must be hundreds of Jewish students enrolled in the District. The Court is unconvinced that Rule 23 is fulfilled by these estimates. Plaintiffs put forth no evidence that there have been a large number of persons constituting a discrete, identifiable class other than themselves, whose rights actually have been violated.

As to commonality and typicality, Plaintiffs mention only that as between the two of them, "NM and "MC", their claims are typical. Commonality and typicality as between these two individuals does not demonstrate commonality and typicality of a large class of other students. Plaintiffs' attorney concedes that he has been told of other non-Jewish students who also have been subject to discrimination. Such alleged discrimination, by definition, would not

be based on religion and therefore does not support certification of the class in the form requested. The requirement under Rule 23 for typicality and commonality is not met.

Of controlling importance is the fact that Plaintiffs cannot show that the Rule 23(b)(3) requirement that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy" is satisfied. *See* Fed. R. Civ. P. 23(b)(3). If Plaintiffs prevail, and obtain the mandatory injunctive relief they seek, such injunctive relief will extend to and benefit all members of the proposed class, and indeed will benefit all students in the school district. Class certification is not necessary in order for this Court to grant full equitable relief. Accordingly, a class action is not superior to an ordinary lawsuit for the fair and efficient adjudication of the controversy.

While the Court does not in any way minimize the seriousness of the claims sought to be asserted in behalf of the purported class, to declare the class presents daunting administrative difficulties, not the least of which is the necessity of determining who is a class member. While this Court can and will respond to a person who asserts he or she is Jewish and was a victim of intentional discrimination for that reason, neither this Court nor its appointed class representative can go among the students or their parents inquiring as to their religion, or to their membership in the purported class. To do so would be an impermissible official intrusion into privacy as well as an unconstitutional entanglement with religion.

## Conclusion

For the foregoing reasons, the Plaintiffs' motion for class certification (Doc. No. 28) is denied.

X

X

X

X

X

SO ORDERED.

Dated: White Plains, New York
       November 21, 2005

                                        _Charles L. Brieant_
                                        Charles L. Brieant, U.S.D.J.