UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

JM, individually and on behalf of his child NM, et al.,

Plaintiffs,

-against-                                                   05 Civ. 0733 (CLB)(GAY)

LAKELAND CENTRAL SCHOOL DISTRICT, et al.,

Defendants.

------------------------------------------------------------------x

## REPORT AND RECOMMENDATION

TO THE HONORABLE CHARLES L. BRIEANT, U.S. DISTRICT JUDGE:

I. Background

This matter has been referred to the undersigned to report and recommend concerning the necessary proceedings to enforce the settlement agreement herein. On April 7, 2006, the parties entered into a Settlement Agreement and Order that was executed by the Honorable Charles L. Brieant on the same date. Said agreement required, among other things, the School District to adopt and implement a policy that specifically prohibits discrimination and/or harassment on the basis of gender, race, religion and/or national origin, including but not limited to discrimination or harassment based upon anti-Semitism. The School District was also required to provide updates to the plaintiffs on specified dates regarding actions taken in compliance with the agreement.

Plaintiffs now contend that the School District did not submit a required update report. They also contend that School District did not comply with the agreement in

other respects. The Court has received letter briefs from the parties concerning this matter and held a telephone conference with counsel. The undersigned reports and recommends as follows:

1. Update Reports

The School District provided on or about April 18, 2008, the updated that was required by the agreement on January 1, 2008. The late submission of the report was inadvertent and was promptly remedied by the School District when brought to its attention. The District has been directed to provide the remaining update report that is due pursuant to the agreement on January 1, 2009 on a timely basis. As such, the undersigned respectfully recommends that no further action or remedy is necessary concerning this issue.

2. Specific Language in Handbook

Plaintiffs also allege that the defendants have failed to include language required by the agreement to the Lakeland Central School District Code of Conduct handbook. Plaintiffs state that the District failed to specifically prohibit anti-Semitism in their policies. A copy of the District's 2007-2008 Code of Conduct, Additional Policies, Sexual Harassment, Bias Harassment was submitted to the undersigned for review. The School District contends that all language required under the agreement has been included. The District further asserts that plaintiffs now seek modifications not required by the agreement.

The agreement does require the School District to "adopt and implement a policy that specifically prohibits discrimination and/or harassment on the basis of gender, race, religion and/or national origin that <u>specifically</u> prohibits discrimination and/or

2

harassment on the basis of gender, race, religion and/or national origin, <u>including but not limited to discrimination or harassment based upon anti-Semitism</u> ..." (Exhibit E, ¶ 1, 3 and 5 to Pls. Ltr. Br. Of May 8, 2008)(emphasis added). The Additional Polices of the 2007-2008 Lakeland School District Code of Conduct does in fact condemn bias discrimination "based upon race, color, religion, ethnicity or national origin." <u>Id</u>. at 31.

However, said Additional Policies do not specifically mention discrimination based on anti-Semitism. Such language is required by the agreement. The School District appears to have made plaintiffs aware of the above language that they did use in their revised district-wide school handbook/code of conduct on March 2, 2007, without objection. (Defts. ltr. of May 20, 2008). It is unclear why the plaintiffs have not objected about the absence of the specific anti-Semitism language until recently. That fact notwithstanding, this Court does have the discretion to require compliance with the terms of the settlement agreement at this time. In any event, the agreement provides that the Court shall have oversight on the in-service programs and may make such orders to assure compliance with that undertaking until June 30, 2009. (§ 7 of the April 7, 2006 Settlement Agreement and Order).

Accordingly, it is respectfully recommended that the Lakeland Central School District be required to include the language specifically prohibiting anti-Semitism in its polices within 60 days of the Court's order. It is further recommended that to the extent plaintiffs are seeking further modifications to said policies, they would be beyond what is required by the settlement agreement and cannot be enforced. The undersigned also recommends that no additional remedies are justified given the circumstances herein.

## CONCLUSION

It is respectfully recommended that the Lakeland Central School District should be required to include specific language prohibiting anti-Semitism in its policies. It is further recommended that no further remedies should be imposed in this matter.

## FILING OF OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court with courtesy copies delivered to the chambers of the Honorable Charles L. Brieant, U.S. District Judge, U.S. Courthouse, 300 Quarropas St., White Plains, New York 10601, and to the chambers of the undersigned at the same address. Any requests for an extension of time for filing objections must be directed to Judge Brieant. Failure to file objections will result in a waiver of those objections for purposes of appeal. Smalls v. Sec'y of Health & Human Servs., 892 F.2 15, 16 (2d Cir. 1989).

Respectfully Submitted,

Dated: June 2, 2008
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.