UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JM, individually and on behalf on his child NM, *et al.*,

                                        Plaintiffs,

                                                                05 Civ. 0733 (CS)(GAY)

              - against -

                                                                **ORDER**

LAKELAND CENTRAL SCHOOL DISTRICT, *et al.*,
                                        Defendants.
------------------------------------------------------------------------x

Seibel, J.

        Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge

George A. Yanthis dated June 2, 2008. (Doc. 49). Judge Yanthis recommended that no

measures be taken to enforce the settlement in this case other than requiring the Lakeland Central

School District ("School District") to, within 60 days, include in its written policies language

explaining that the prohibition of discrimination or harassment on the basis of gender, race,

religion or national origin includes but is not limited to discrimination or harassment based upon

anti-Semitism. The School District has filed Objections to the R&R. (Doc. 53). It argues that

the settlement agreement does not specify such language, and that specification of one sort of

discrimination or harassment may be interpreted as suggesting that other forms of discrimination

or harassment are not taken as seriously, may invite litigation from others, and may even inflame

anti-Semitism. Familiarity with prior proceedings is presumed.

        This Court, reviewing the matter *de novo*, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b)(3), agrees with Judge Yanthis that language referring to anti-Semitism is contemplated by

the settlement agreement, which states that the School District will "adopt and implement a

policy that specifically prohibits discrimination and/or harassment on the basis of gender, race,

religion and/or national origin, *including but not limited to discrimination or harassment based upon anti-Semitism.*" Settlement Agreement and Order dated April 7, 2006 (Doc. 43)(emphasis added). This wording seems plainly to call for a specific reference to anti-Semitism, and it is hard to imagine that the italicized language would have been included in the agreement had some specific reference to anti-Semitism not been contemplated. While the School District's concerns that a specific reference to anti-Semitism might be interpreted as demeaning the seriousness of other forms of discrimination are not unreasonable, the Court is confident that the School District can craft language – similar to the "including but not limited to" wording of the agreement or otherwise – that will make clear that the reference to anti-Semitism is illustrative and not intended to suggest that other forms of discrimination or harassment are less serious.

Because the Plaintiffs reviewed the current policy language in March 2007 and did not object to it until approximately year later, however, the Court finds that the School District's request that it not have to distribute amended policy documents within 60 days is reasonable. The amendment shall be made in internally maintained and electronically posted copies of the policy within 60 days, and shall be included in any hard copies distributed after the amendment is adopted, but a special issuance of hard-copy documents to reflect the amendment is not necessary, provided the new language is distributed in hard copy by the start of the next school year in September 2009.

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.

Dated:    September 29, 2008
             White Plains, New York